# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| SHARON KAYE LUKE,<br><br>    **Plaintiff,**<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>    **Defendant.** | CIVIL ACTION NO. 5:20-275-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 10 & 12). The plaintiff, Sharon Kaye Luke, brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief on the denial of her claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI). The Court, having reviewed the record, **denies** the Plaintiff's motion (DE 10), **grants** the Defendant's motion (DE 12), and **affirms** the Commissioner's decision.

### I. Overview of the Process

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps, in summary, are:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

## II. Factual and Procedural Background

*A. Introduction*

Plaintiff Sharon Luke ("Luke") was born in 1967. (Administrative Record: DE 8-1 (AR) at 83-85, 218). Prior to her alleged disabilities she worked as a Certified Nursing

Assistant (CNA) at Wolfe County Health Center in Campton, Kentucky. (*Id.* at 42, 48-49). Luke applied for SSI and DIB on February 24, 2017 alleging a disability onset date of February 11, 2017. She claimed she suffered from diabetes, high blood pressure, back and shoulder pain, leg aches (including numbing and trouble walking), and bone spurs in her spine and right hip. (*Id.* at 86, 110). Luke's application was denied initially and on reconsideration. Luke then made a timely request for a hearing before an ALJ. Luke's hearing was held on July 18, 2019, by video, before ALJ Karen R. Jackson. Luke was accompanied by counsel and testified on her own behalf. Martha R. Gross, an impartial vocational expert, also appeared and testified. (*Id.* at 56-62). A written decision was issued August 28, 2019 denying Luke's claim. (*Id.* at 16-28). Luke now appeals that decision to this Court.

B. *The Administrative Decision*

In this case, proceeding with step one, the ALJ determined that Luke did not engage in substantial gainful activity since May 5, 2017[1]. (AR at 19).

At step two, the ALJ determined that Luke has the following "severe" impairments:

> [l]eft shoulder and left hand osteoarthritis; degenerative disc disease of lumbar spine and thoracic spine; [b]ilateral carpal tunnel syndrome and left cubital tunnel syndrome, status post cubital tunnel release with left ulnar nerve dysesthesia; seizure disorder; insulin dependent diabetes mellitus, hypertension and obesity.

(*Id.*)

---

[1] In the ALJ's decision, the ALJ incorrectly refers to an *April* 4, 2017 amended onset date (*see* AR at 19, ¶ 2), but the reflected date should be *May* 4, 2017. (*Id.* at 38, July 18, 2019 Hrg. Tr). The ALJ reflects the correct onset date of May 2017 later in the decision. (*Id.* at 26, ¶ 7).

At step three, the ALJ found that Luke did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 (the Listings). (*Id.* at 20-21).

Before proceeding to step four, the ALJ determined that York had the residual functional capacity (RFC) to perform a broad range of "light" work as defined in 20 CFR pt. 404.1567(b) and 416.967(b):

> The claimant can lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently, stand and walk six hours in an eight-hour workday, sit six hours in an eight-hour workday. She can occasionally push and pull with left upper and bilateral lower extremities and she can occasionally perform overhead reaching, handling and fingering with non-dominant left upper extremity. She can occasionally climb ramps and stairs and never climb ladders, ropes and scaffolds. She is able to perform frequent balancing, frequent stooping, kneeling, crouching or crawling. She should avoid concentrated exposure to cold, temperature extreme, wetness, vibration and even moderate exposure to hazards such as unprotected heights and dangerous machinery and fumes, odors, dust, gases and poor ventilation.

(*Id.* at 23). Next, based on Luke's current RFC, the ALJ determined that Luke does not have the RFC to perform the requirements of his past relevant work. (*Id.* at 26).

The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008). At step five, the ALJ determined that, considering the RFC and Luke's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Luke can perform and, thus, he has not been under a disability from February 11, 2017 through the date of the decision. (*Id.* at 26-27). The ALJ's decision became the final

decision of the Commissioner when the Appeals Council subsequently denied Luke's request for review. (*Id*. at 5-7).

Luke has exhausted her administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment (DE 10 & 12) and this case is now ripe for review under 42 U.S.C. § 405(g).

### III. Standard of Review

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id*.; *see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs*., 25 F.3d 284, 286 (6th Cir. 1994). In assessing the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id*.; *see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, this Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin*., 402 F.3d 591, 595 (6th Cir. 2005)).

### IV. Analysis

Luke challenges the ALJ's determination on three bases. First, she claims the RFC finding was not supported by substantial evidence because the ALJ failed to account for the severe impairment of bilateral carpal tunnel syndrome and her degenerative disk disease.

(DE 10-1 at 2). Second, she claims that the ALJ failed to rely on the most recent medical evidence, instead relying on "evidence pertaining to a time period that was previously adjudicated." (*Id.* at 8). Lastly, she argues that the ALJ erred in adopting the non-examiner's testimony, as he did not review a "complete" file. (*Id.* at 10). These arguments are addressed in turn.

   A. *The ALJ's RFC Finding*

An RFC assessment must be based on all relevant medical and other evidence. 20 C.F.R. § 404.1545. Luke first challenges the ALJ's RFC finding as unreasonable because the ALJ did not consider her severe impairment of bilateral carpal tunnel syndrome and the worsening of her disk disease. Consequently, she argues that the RFC presented to the VE and the hypothetical questions posed to her were inaccurate.

RFC is an administrative finding of an individual's ability to perform work-related activities. *See* 20 C.F.R. § 404.1545(a); SSR 96-5p: Titles II and XVI. The Commissioner's assessment is based upon all of the relevant medical evidence and other evidence in the record, including the claimant's testimony. 20 C.F.R. § 404.1545(a)(3). The responsibility for determining the RFC is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2); 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1546(c) ("[T]he administrative law judge . . . is responsible for assessing your residual functional capacity."). "Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner." *Nejat v. Comm'r of Soc. Sec.,* 359 F. App'x 574, 578 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive.").

An ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility. *See* SSR 96–5p, 1996 WL 374183, at *3; SSR 96–8p, 1996 WL 374184, at *5. No medical source opinion is conclusive by itself on this issue. *See* SSR 96-5p, 1996 WL 374183, at *2, 4-5. Similarly, a claimant's subjective complaints of pain or other symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a). The claimant retains the burden of establishing his residual functional capacity limitations. *See Jordan*, 548 F.3d at 423 (citation omitted) ("The SSA's burden at the fifth step is to prove the availability of jobs in the national economy that the claimant is capable of performing . . . . The claimant, however, retains the burden of proving his lack of residual functional capacity."); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

"The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth,* 402 F.3d at 595 (internal citations omitted). When an ALJ's decision is based on substantial evidence, it is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Here, The ALJ's decision adequately considered the evidence—including Luke's activities, medical history, opinion evidence, testimony, and reported symptoms—in determining that she has the RFC to perform light work with some limitations. The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's findings. The ALJ based much of her decision on Luke's own testimony that most of her upper extremity issues were in her left arm, and that she could lift and reach only with the right side, but not with her left. (AR at 42-44). Post-surgery, she stated that she continued experiencing

pain, which ran in her left elbow causing numbness and tingling in the left hand and shoulder. (Tr. 46, 49-50).

The Court finds that a "reasonable mind might accept" the foregoing evidence as adequate to support the ALJ's determination that Luke has the ability to perform light work with some restrictions. Accordingly, the ALJ's decision must stand since it is supported by substantial evidence. *See Tyra v. Sec'y of Health & Human Servs.*, 859 F.2d 1024, 1028 (6th Cir. 1990). To the extent Luke argues that the ALJ should have relied on her middle back degenerative disc disease and argues that she should have found additional limitations, Luke does not point to any medical evidence the ALJ could have relied on. (*See* AR 24, 1138).

The ALJ asked the VE about a hypothetical individual with similar age, education, work experience, and RFC. (*See* AR 52-53, 56-57). The hypothetical questions incorporated Luke's relevant impairments; any shortcomings not addressed was not so significant as to render the VE's testimony unreliable. The VE testified that such an individual could work as a cashier/counter clerk, general clerk, and machine tender (*Id.* at 53-54, 56-57). The VE's responses satisfied the Commissioner's burden of showing the existence of a significant number of jobs in the national economy whose requirements were within Luke's RFC.

Of course, the VE's testimony could have always been further refined; however, counsel had the opportunity to cross-examine to probe the now-claimed deficiencies. The ALJ is not obligated to present a hypothetical to a vocational expert with the limitations she perceives she has but are not supported by the evidence in the record.

B. *The ALJ's Reliance on Older Medical Evidence*

Luke argues that the ALJ placed too much reliance on medical evidence pertaining to a time period that was already reviewed and "previously adjudicated." (DE 10-1 at 8).

She claims that the ALJ's opinion focused on the MRIs of her lumbar spine performed in 2015, failing to focus on the most recent 2017 MRI. (*Id.*) Luke further argues that the ALJ ignored her testimony regarding the pain she experienced in her shoulder and lower back, or at least, "failed" to include them in her opinion. (*Id.* at 9-10.)

First, to the extent that Luke argues that the ALJ erred by not discussing all evidence on the record regarding these conditions, it would not be reasonable to require the ALJ to discuss each element of the record specifically for the record to be considered in totality. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 580, 591-92 (6th Cir. 1987).

The 2015 and 2017 MRIs did not vary significantly. Like the 2017 MRI, the 2015 MRI showed disc bulge at several levels and no evidence of disc herniation or central spinal stenosis (*see* AR 626-27, 735). The MRIs varied only in that the 2015 MRI showed "mild" degenerative narrowing at the nerve root openings, while the 2017 MRI showed "mild to moderate" narrowing. Even if this Court were to find that the ALJ should have considered the 2017 MRI, remand would not be warranted, given the evidence the ALJ did assess. The ALJ discussed all of Plaintiff's known conservative treatments (AR at 24), all of the evidence before her regarding her daily activities, and limitations, as well as the medical findings that she did not appeared to be in acute dress, and walked with normal gait and station. (*Id.* at 24-25). The ALJ specifically accounted for Luke's obesity, noting that her RFC accounts for commonplace limitations, like climbing, stopping, and crawling. Accordingly, even if this Court assumed the ALJ erred, such error would be harmless.

The ALJ also did not err in rejecting Luke's subjective complaints. The Sixth Circuit has held that "the ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict." *Tyra*, 896 F.2d at 1030. ALJs use a two-part analysis in

evaluating complaints of disabling symptoms: (1) the ALJ will ask whether there is an underlying, medically determinable, physical impairment that could reasonably be expected to produce the claimant's symptoms; and (2) if the ALJ finds that such an impairment exists, he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. 20 C.F.R. § 404.1529; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). In evaluating a claimant's severity of symptoms, relevant factors include: (i) the individual's daily activities; (ii) the location, duration, frequency, and intensity of the pain; (iii) factors that precipitate and aggravate symptoms; (iv) the type, dosage, effectiveness, and side effects of medication; (v) the treatment the individual receives or has received for relief; (vi) any other measures the individual has used to relieve pain; and (vii) any other factors concerning the individual's functional limitations. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

"Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record," including medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by treating physicians and others, statements by persons familiar with how the claimant's symptoms may affect her daily life, and any other relevant evidence contained in the record. *Rogers*, 486 F.3d at 247; 20 C.F.R. § 404.1529(c)(4). An ALJ is required to evaluate the claimant's symptoms and diminish her capacity for basic work activities to the extent that her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529.

Courts generally must defer to an ALJ's credibility determination because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Duncan v. Secretary of HHS*, 801 F.2d 847, 852 (6th Cir.1986) (quoting *Kirk v. Secretary of HHS*, 667 F.2d 524, 535 (6th Cir.1981), *cert. denied*, 461 U.S. 957 (1983)). However, the ALJ's determination must contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the claimant and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms. *Rogers*, 486 F.3d at 247-48; Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017).

The ALJ relied, in part, on Luke's presentation and demeanor at the hearing, and on her statements regarding her impairments and pain in performing activities, in assessing credibility. Her testimony indicated that she is limited primarily by lower back pain, and left arm/shoulder pain. Luke indicated, that in a typical day, she cannot handle difficult housework, has difficulty dressing, and needs help fastening her bra. She can, however, prepare sandwiches, read books, and spend time talking on the telephone. She enjoys sitting outside on the porch. While bathing, she tends to have difficulty bending over and shaving her legs. Further, while she can drive to and from the grocery store, she cannot partake in the grocery shopping; instead, her family must do it for her.

Notwithstanding, the ALJ found Luke's ability to perform daily activities inconsistent with the alleged severity of her symptoms. The ALJ observed that Luke's daily activities are not as limited as one would expect given the complaints of disabling symptoms and limitations, and would not preclude all work activity. (AR at 26) There was functional data showing that Luke was able to perform fundamental and instrumental daily activities (*i.e.*,

personal care, some household chores, laundry, simple meal preparation, paying bills, etc.). The ALJ considered Luke's report that she is able to drive (albeit with some difficulty), travel to her doctor appointments, and perform some household tasks by herself. The ALJ indicated that Luke relies on her family members to perform the more difficult household chores, like the grocery shopping, doing the mowing, gardening, and quilting.

The foregoing portions of the record, cited by the ALJ in support of his decision, meet the substantial evidence standard, which merely requires that a reasonable mind might find this evidence adequate to support his conclusion. (AR at 86); *Longworth*, 402 F.3d at 595. "When an ALJ has examined the record as a whole and his decision is supported by substantial evidence, this Court must affirm the ALJ's decision—even if the Court might have decided the case differently." *Stolz v. Berryhill*, No. CV 18-136-DLB, 2019 WL 2291466, at *3 (E.D. Ky. May 29, 2019) (citing *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988)); *Her,* 203 F.3d at 389-90.

The evidence Luke cites does not defeat that cited by the ALJ, as a decision based on substantial evidence is not subject to reversal, even if other evidence would have supported the opposite conclusion. *Ulman*, 693 F.3d at 713. The ALJ's credibility determination is to be given great weight. *Id.* at 714 ("As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). The ALJ cited specific reasons, explaining why she was discounting Luke's subjective complaints regarding her limitations, highlighted inconsistencies in the record given the medical evidence available to her, and determined an RFC that was supported by the overall evidence. Accordingly, reversal is not warranted on this issue. *Ulman*, 693 F.3d at 714.

C. *Reliance on Dr. Reed's Opinion*

Finally, Luke argues that the ALJ erred in affording great weight to the uncontradicted opinion of the state agency medical consultant, Jack Reed, M.D. (DE 10-1 at 10-11). Here, regarding Luke's limitations, there were no conflicting medical opinions presented to the ALJ. Rather, the ALJ noted that all findings from the medical sources were consistent, and that no physician ultimately opined that she was "unable to work." (DE 8-1 at 25). Dr. Reed limited Luke's exertion to a range of light work, noting the limited use of her non-dominant left arm and hand. (*Id.* at 119).

"In appropriate circumstances, opinions from State agency medical . . . consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96-6p). In this case, the ALJ observed that Dr. Reed's opinion was afforded weight due to the evidence that was available at the time. Further, she specifically noted that, given the new medical evidence, additional limitations must be placed on Luke's left upper extremity. (DE 8-1 at 25). The ALJ therefore accounted for Luke's limitations when determining the RFC.

V. **Conclusion**

Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her*, 203 F.3d at 389–90. In this case, the ALJ did not err in weighing the evidence provided for her on the record, and the RFC determination was supported by substantial evidence.

For all these reasons, it is **hereby ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **DENIED**;

2. The defendant's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated June 03, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY